

MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

EMILY SWEET
Tel: (212) 788-1871
Fax: (212) 788-8877
email: esweet@law.nyc.gov

March 18, 2009

**BY MESSENGER**
Hon. Loretta A. Preska
United States Courthouse
500 Pearl Street
New York, NY 10007

Re: <u>Sandra Stevens v. Ronald Wells</u>, *et al.*, 02 Civ. 1689

Dear Judge Preska:

    I am the Assistant Corporation Counsel assigned to the above-referenced matter. I am writing to request that the remaining claims in this case -- namely the claims that defendants impermissibly interfered with Demetria Palafox's parental rights in connection with her son's alleged "pushout" from Martin Luther King, Jr. High School in 1999 -- be dismissed with prejudice.

    In November 2007, defendants City of New York, New York City Board of Education, New York City Department of Education and Harold Levy (the "Appearing Defendants") moved to dismiss the claims against them. Because this Office needed additional time to sort out issues of service and representation with respect to the other defendants, this Office did not move to dismiss on behalf of the following individuals at that time: Rudolph Giuliani, Michael Bloomberg, Rudolph Crew, Joel Klein, Michael Cardozo, Chad Vignola, Granger Ward, Welton Sawyer, Stephanie D'Amore Ferrandino, Ronald Wells and Kim Murrell (collectively, the "Non-Appearing Defendants").

    In a Memorandum and Order dated September 24, 2008, this Court granted the Appearing Defendants' motion to dismiss, except with respect to two sets of claims: (1) the claims of Randy Palafox relating to allegations that he was "pushed out" of Martin Luther King, Jr. High School in 1999; and (2) the claims of Demetria Palafox, Randy's mother, that her parental rights were infringed in connection with the aforementioned alleged pushout, (See Dkt No. 74: Memorandum and Order, dated September 24, 2008).

    In January 2009, the Appearing Defendants reached a settlement with Randy in which he agreed to a dismissal of all claims against all defendants in this case (see Dkt. No. 85: Stipulation of Settlement and Dismissal), thus leaving Ms. Palafox's claims that defendants impermissibly

interfered with her parental rights in connection with Randy's alleged pushout from Martin Luther King, Jr. High School in 1999 as the only remaining claims.[1] Randy, however, has admitted that he turned 18 in April 1998. See Second Amended Cplt. ¶ 18. Therefore, Ms. Palafox had no legally cognizable parental rights that could have been infringed by Randy's alleged pushout in 1999, because Randy was no longer a minor at that time. Accordingly, Ms. Palafox's claims should be dismissed and, given that all plaintiffs have been given ample notice and repeated opportunities to amend, the Fourth Amended Complaint should be dismissed in its entirety, with prejudice.

Thank you for your consideration.

Respectfully,

*Emily Sweet*

Emily Sweet
Assistant Corporation Counsel

cc: Dean Loren
DeLois Blakely
Sandra Stevens
Demetria Palafox
Watasha Stevens
Randy Palafox
Solomon Bryant
(all by mail)

**The Clerk of the Court shall mark this action closed and all pending motions denied as moot.**

SO ORDERED:

*Loretta A. Preska*
LORETTA A. PRESKA, U.S.D.J.

March 22, 2009

---

[1] The claims asserted in the Fourth Amended Complaint against the Non-Appearing Defendants are essentially the same as those asserted against the Appearing Defendants and, in its September 24, 2008 Memorandum and Order, the Court appears to have dismissed claims against both sets of defendants. Specifically, the Court (1) dismissed as time-barred the claims by student-plaintiffs Watasha Stevens and Solomon Bryant (Dkt. No. 74 at pps. 5-12), (2) dismissed the retaliation and defamation claims of parent-plaintiffs Sandra Stevens, Demetria Palafox, Delois Blakely and Dean Loren for failure to state a federal claim (id. at pps. 12-16); and (3) dismissed all parental rights claims, except for Ms. Palafox's claims as they related to Randy's claim that he was pushed out of MLK in 1999, as time-barred and/or for failure to allege an infringement of constitutionally protected rights (id. at pps. 16-18). Nonetheless, so that any potential ambiguity may be resolved, this Office respectfully requests that the Court now dismiss all such claims against the Non-Appearing Defendants to the extent it has not already done so.

2