UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

02 Civ. 1689 (LAP) (MBM)

DELOIS BLAKELY, DEAN LOREN, SANDRA STEVENS
WATASHA STEVENS, SOLOMON BRYANT

    - against –

NEW YORK CITY DEPARTMENT OF EDUCATION
RUDOLPH GIULIANI, MICHAEL BLOOMBERG ET AL.

60B Motion For Granting Judgement
Re: Defendants Deleting
Federal and State Records and
Shielding The Sexual Predator
TASC Employee Rebeca Fabiano

**PLEASE TAKE NOTICE** Judge Loretta Preska, NYC Public Advocate Leticia James,
FBI Director Comey, NYC Police Commissioner Bratton, and Secretary of Defense Hagel, that upon
the annexed affirmation of Dean Loren, affirmed on March 31, 2014, and upon the exhibits attached
thereto, plaintiffs move this Court, before Chief Judges Loretta A. Preska and Robert A. Katzmann,
for an order pursuant to Rule 60B of the Federal Rules of Civil Procedure:

Granting plaintiffs $100 Million Dollars in damages as requested in papers filed before Judge
Mukasey for New York City Department of Education (1) shielding the Sexual Relationship
between After School Teacher for New York City Department of Education's TASC Employee
Rebecca Fabiano and Dr. Delois Blakely's adopted 16 yr. old son Mustapha Jatta during his
Sophomore year and thereafter at Martin Luther King Jr. High School (2) misrepresenting that
Watasha Stevens and Solomon Bryant were not students in the New York City School System
during Year 2000, (3) deleting Special Need Resource documents from Federal Medicaid
Records and State Attendance Records for Solomon Bryant at Baruch High School and Work
Study at Trump Tower Basement, and Watasha Stevens at Martin Luther King Jr. High School
Graduation Records in May 2000, (4) Obstructing Justice by failing to produce emails from
Robin Greenfield to Chad Vignoa on July 31, 2000 at 4:59 PM re: Loren Termination, and
abuse of discretion for accepting Michael Cardozo, Chad Vignola and Mordecai Newman's false
statements unsupported by documents over those Declarations of Plaintiffs personally testified
and supported by documents, and (5) Judge Mukasey misrepresenting to Plaintiffs that Judge
Mukasey would assign Federal Bar Counsel to defend Plaintiffs and Mukasey's failing to issue
such Federal Bar Counsel letter requesting representation to Plaintiffs and their full Reliance.

or In the Alternative To Assign An Attorney as Ordered by Judge Mukasey, and Return to
Calendar for Discovery and Trial and with appropriate Discovery Sanctions against the NYC
Department Education and in favor of Plaintiffs.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
      March 31, 2014

_____
Dean Loren, Esq., Waiting Admission to 1st Dept.
Mailing Address: PO Box 34, NY, NY 10002
Tel: 718 277 1367
(Street Address Not for docket purposes only
 413 Grand Street, 1207F, NY NY 10002)


RECEIVED
MAR 31 2014
PRO SE OFFICE

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#
DATE FILED:

Affirmation in Support
60B Motion For Granting Judgement
Re: Defendants Deleting
Federal and State Records and
Shielding The Sexual Predator
TASC Employee Rebeca Fabiano

DELOIS BLAKELY, DEAN LOREN, SANDRA STEVENS
WATASHA STEVENS, SOLOMON BRYANT

- against –

NEW YORK CITY DEPARTMENT OF EDUCATION
RUDOLPH GIULIANI, MICHAEL BLOOMBERG ET AL.

I, Dean Loren, affirm under penalty of perjury that:

1. I, Dean Loren as Designated Lead Plaintiff by Judge Michael B. Mukasey, in the above entitled action, and respectfully move This Court to issue an order:

Granting plaintiffs $100 Million Dollars in damages as requested in papers filed before Judge Mukasey for New York City Department of Education (1) shielding the Sexual Relationship between After School Teacher for New York City Department of Education's TASC Employee Rebecca Fabiano and Dr. Delois Blakely's adopted 16 yr. old son Mustapha Jatta during his Sophomore year and thereafter at Martin Luther King Jr. High School (2) misrepresenting that Watasha Stevens and Solomon Bryant were not students in the New York City School System during Year 2000, (3) deleting Special Need Resource documents from Federal Medicaid Records and State Attendance Records for Solomon Bryant at Baruch High School and Work Study at Trump Tower Basement, and Watasha Stevens at Martin Luther King Jr. High School Graduation Records in May 2000, (4) Obstructing Justice by failing to produce emails from Robin Greenfield to Chad Vignoa on July 31, 2000 at 4:59 PM re: Loren Termination, and abuse of discretion for accepting Michael Cardozo, Chad Vignola and Mordecai Newman's false statements unsupported by documents over those Declarations of Plaintiffs personally testified and supported by documents, and (5) Judge Mukasey misrepresenting to Plaintiffs that Judge Mukasey would assign Federal Bar Counsel to defend Plaintiffs and Mukasey's failing to issue such Federal Bar Counsel letter requesting representation to Plaintiffs and their full Reliance.

or In the Alternative To Assign An Attorney as Ordered by Judge Mukasey, and Return to Calendar for Discovery and Trial and with appropriate Discovery Sanctions against the NYC Department Education and in favor of Plaintiffs.

2. The reasons why We are entitled to the relief is the following:



Non-Consensual Sexual Relationship of TASC-Martin Luther King Jr. High School Afterschool Teacher Rebecca Fabiano and Mustapha Jatta, Student 10th Grade Shielded by Chad Vignola, General Counsel

The Department of Education Shielded Pedophile Rebecca Fabiano and 31 other Unknown Pedophiles at Martin Luther King Jr. High School that Sandra Stevens, Dean Loren, and Dr. Blakely filed for removal as danger to the Students of Martin Luther King Jr. High School (MLK HS).

3. Historical Facts – Record Deletion by NYC Dept. Education, Corporation Counsel and SUNY

Solomon Attended Baruch High School and Work Study in Basement of Trump Towers during Year 2000. Testimony Before Judges Raggi, Newman and Straub. Exhibits Attached.

Watasha Stevens attended Martin Luther King Jr. High School and Graduated May 2000 while receiving special needs services negotiated by Evelyn Goldberg, community advocate. See Exh.

Mustapha Jatta preyed upon by Pedophile MLK Afterschool TASC Employee Rebecca Fabiano beginning his Sophomore Year and continuing during Spanish Class in Her Office, After School and in Central Park. Jatta Admits Fabiano issued notes excusing his absence from Spanish Class.

Sandra Stevens testified before 2nd Cir. Judges Raggi, Newman and Straub to her daughters attendance at MLK HS and attempts by parents to correct actions by NYC Board of Education implementation of Harvard's School of Education business plan with SUNY to convert Public School Real Estate for Development Real Estate Hybrid Charters for Million Dollar Apt. Sales.

Dean Loren testified before 2nd Cir. Judges Sotomayor, Cardamone, Katzmann, Raggi, Newman, Straub and Eastman concerning Rapes at Martin Luther King Jr. High School, Title 1 Special Needs Funding redirected to OTP payroll distributed by UFT at District Offices. Loren personally attended Bronx Middle School CIS 146 English Teacher Audrey de la Rosa's Hearings. UFT Counsel negotiated removal of all U-Rating Letters from her Teaching Records.

Note: Audrey de la Rosa risked her Teaching Position to expose the failing of Latin and Black Students who actually passed their McGraw Hill CTB 7th Grade English Tests for the 8th Grade.

Loren submitted The Evidence of Grade Manipulation to President Clinton and Hillary Clinton, and Vice President Gore. The US Dept. of Education informed Loren that Chancellor Rudy Crew was responsible. Vicki Bernstein and Robin Greenfield, Esq. then Shielded the Fraud.

Dr. Delois Blakely upon her return from a United Nations Mission to Observe Elections immediately sought to defend the MLK HS Youth and Mustapha Jatta, her son, and was barred from MLK and NYC Administration for Children sought to charge her with endangering a child.

Judge Loretta Preska and Mustaph Jatta, I protected Mustapha Jatta by removing him from this case upon TASC Fabiano's actions to have him declared mentally insane by the MLK HS and Superintendence's order to have him mentally evaluated at St. Lukes-Roosevelt Hospital. Dr. Blakely circumvented Mustapha's potential declaration of mental incompetence by taking him to Harlem Hospital for a valid full and complete mental evaluation to which he passed.

Loren apologizes to NYC Mayor Bill de Blasio, Public Advocate Leticia James and Zachary Carter. As a Jesuit - Fordham Law Alumni, I misunderstood NYC-Rockefeller-Lincoln Development Long Range Plan for Charter School Creation under 1995 Harvard Education School Initiative, the path necessary for Real Estate Developers to market Columbus Circle Million dollar Apartments would have been better served by delivering textbooks (McGraw Hill failed to deliver), securing United Federation of Teachers Pensions (UFT maintained 10,480 Tier 1 Phantom Teachers on District Payrolls) and Pooling School Real Estate Developmental Air Rights in a tax offset program that closed out Robert Moses Title 1 Slum Clearance Program that created MLK H.S.

If it pleases the Court, Loren takes this position in his 60B Motion before Judge Loretta Preska in <u>Blakely v. Wells</u>. Attached with US Supreme Court Admission Forms. Loren, native born son of The Washington DC Territory without US Senate Representation or House Representation, acts to benefit Washington DC and US Military daughters and sons.
Loren further recommends Judge Preska consult Nancy Rocker, Esq. to evaluate damages to Loren's law license holdup by Charles Moerdler's conflict representing Mayor Giuliani and TASC's indemnification of NYC Department of Education and City of New York.

If it further pleases the Court, Loren requests Federal Bar Counsel Richard Scheff be considered by Judge Loretta Preska for representation of Plaintiffs pursuant to Judge Michael B. Mukasey's Court Order for federal bar counsel assignment during plaintiff's second Hearing before the Court.

Exhibits Attached.

Wherefore, plaintiffs request Judge Loretta A Preska issue an order:

Granting plaintiffs $100 Million Dollars in damages as requested in papers filed before Judge Mukasey for New York City Department of Education (1) shielding the Sexual Relationship between After School Teacher for New York City Department of Education's TASC Employee Rebecca Fabiano and Dr. Delois Blakely's adopted 16 yr. old son Mustapha Jatta during his Sophomore year and thereafter at Martin Luther King Jr. High School (2) misrepresenting that Watasha Stevens and Solomon Bryant were not students in the New York City School System during Year 2000, (3) deleting Special Need Resource documents from Federal Medicaid Records and State Attendance Records for Solomon Bryant at Baruch High School and Work Study at Trump Tower Basement, and Watasha Stevens at Martin Luther King Jr. High School Graduation Records in May 2000, (4) Obstructing Justice by failing to produce emails from Robin Greenfield to Chad Vignoa on July 31, 2000 at 4:59 PM re: Loren Termination, and abuse of discretion for accepting Michael Cardozo, Chad Vignola and Mordecai Newman's false statements unsupported by documents over those Declarations of Plaintiffs personally testified and supported by documents, and (5) Judge Mukasey misrepresenting to Plaintiffs that Judge Mukasey would assign Federal Bar Counsel to defend Plaintiffs and Mukasey's failing to issue such Federal Bar Counsel letter requesting representation to Plaintiffs and their full Reliance.

or In the Alternative To Assign An Attorney as Ordered by Judge Mukasey, and Return to Calendar for Discovery and Trial and with appropriate Discovery Sanctions against the NYC Department Education and in favor of Plaintiffs.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
March 31, 2014

Dean Loren, Esq. (Waiting for Admission 1st Dept.)
Mailing Address: PO Box 34, NY, NY 10002
Tel: 718 277 1367
(Street Address Not for docket purposes only
413 Grand Street, 1207F, NY NY 10002)

APPELLATE DIVISION FIRST DEPARTMENT
SUPREME COURT OF THE STATE OF NEW YORK
------------------------------------------------------------------X
In the Matter of Application for Admission to the Bar of

    Dean Loren, Applicant

For Admission to the Bar of the State of New York.
------------------------------------------------------------------X

Motion No. _____/_____
REPLY PAPERS
Dated March 31, 2014
for Admission
Return Date April 2, 2014

Oral Argument Requested

DEAN LOREN, sworn, deposes and says and respectfully states as follows to
US Supreme Court Judge Samuel Alito, 2nd Cir. Judge Reena Raggi, Defense Secretary Hagel and
First Department Appellate Division, New York State and NYC Public Advocate Leticia James:

1.     Reply Papers made for Admission to the Bar of the State of New York or return to the

Character & Fitness Committee for a new hearing without a tribunal with conflicts of interest.

2.     US Secretary of Defense  Chuck  Hagel, New Jersey Governor Chris Christie, US Senator

Dick Durbin, Justice Alito copied re:  atomic security clearance applications and Supreme Court

admission-Fordham Sponsorship.  Loren accepts Mr. Loretta Preska's Fordham sponsorship.

**Note**: US Military duplicate evidentiary files re: national/millitary defense security breaches by

TASC/Northrop Grumman/Lockhead 1994 computer/camera/KeyCard Doors sales to NYC Corrections,

NYPD, Parks, Joint Terrorism Task Force, Dept. Education, NYC Municipal Labor Unions endangered

Veteran and Military Enlisted Personnel Children in NYC Public Schools.  Loren identified

Martin Luther King Jr. High School (MLK HS) as model Public School for Charter Redesign.

Cornell, Mt. Sinai, Fordham recipients of Real Estate and adjoining Phipps Housing for Dorms.

No Presumption exists for 2nd Cir. Judges to permit Michael Cardozo's arguments accepted as fact

without documentation.  Charles Moerdler finding Loren without Character for not winning Loren v.

Levy and Blakely v. Wells creates a NEXUS involving New Jersey, Port Authority/MTA Security,

Tisch Real Estate Development, Stroock & Stroock, Pension Funds and Boston Madoffs.

Analysis: 2nd Cir.  requires Ban Cy Pres Doctrine weaponized financial conduit funding plan.

US Military-NY State Regents Liaison Necessary to Secure Troop Domestic Family Security.

3.    Character and Fitness Committee's Tribunal Member Charles Moerdler's failed to admit his personal involvement in: Rudy Giuliani's Friends of Giuliani Exploratory Committee; raising monies and support for Giuliani's presidential run; January 2, 2008 designation by Rudy Giuliani Presidential Committee of Charles G. Moerdler as NEW JERSEY 2008 Presidential Electorial Delegate for 2008. Loren v. Levy and Blakely v. Wells before the 2nd Circuit named Giuliani as defendant.

Jusitice Alito please **Note** 2nd CIR JUDGE REENA RAGGI personally heard testimony from Solomon Bryant re: his enrollment in the NYC School System up to 2002 at Baruch High School and Work Study Program in Trump Towers Basement.  Judge Raggi further heard Testimony from Mrs. Sandra Stevens re: her daughter Watasha's enrollment at Martin Luther King Jr. High School and graduated in May 2000.  Judge Raggi lastly heard Dean Loren re: MLK HS RAPES & Pedophiles.  NYC Dept. Education lawyers denied historical facts re: altered Federal and State Files. NYC Board of Education (Now Dept. Education) located Eastern District NY employed Harvard's Education School of Leadership 5 yr plan to Destabilize Schools w/ Gang Concentration for Charter Conversion.  MLK HS 3rd Fl Manhattan HS Superintendency Computer System interphased NYPD thru Jessica Tisch's Breached Joint Terrorism Computer System and Bernard Kerick's Corrections.

4.    Loren continues volunteering for Kaufman Moot Court Competitions.  In 2014, Loren joined Nancy Rocker to judge Friday, March 28, 2014 Rounds.  One Student Qualified for Supreme Court Clerkship; Her Name can be obtained from Nancy Rocker re: Client Representation In The Room.

5.    NYC Education Dept. Deleting Solomon Bryant's SUNY Medicaid and School Attendance Files and Deleting Watasha Steven's SUNY Special Needs Files and MLK Graduation Records NEXUS extinguishes any arguments made by Character & Fitness Committee against Loren.  TASC's Fabiano's Rape of Mustapha Jatta during Spanish Class, MLK Afterschool Program and Central Park raises Grounds for Loren's License ab initio grant to April 2004 as communicated in motions to SDNY Judges Mukasey and Chin upon Character Committee Interviewer's decision to pass Loren in April 2004.

Loren apologizes to the New York State First Dept. Appellate Division and Court of Appeals. As a Jesuit - Fordham Law Alumni, I misunderstood NYC-Rockefeller-Lincoln Development Long Range Plan for Charter School Creation under 1995 Harvard Education School Initiative, the path necessary for Real Estate Developers to market Columbus Circle Million dollar Apartments would have been better served by delivering textbooks (McGraw Hill failed to deliver), securing United Federation of Teachers Pensions (UFT maintained 10,480 Tier 1 Phantom Teachers on District Payrolls) and Pooling School Real Estate Developmental Air Rights in a tax offset program that closed out Robert Moses Title 1 Slum Clearance Program that created MLK H.S.

Note: Judge Alito, if it please the Court, Loren takes this position in his 60B Motion before Judge Loretta Preska in <u>Blakely v. Wells</u>. Attached with US Supreme Court Admission Forms. Loren, native born son of The Washington DC Territory without US Senate Representation or House Representation, acts to benefit Washingtono DC and US Military daughters and sons.

Wherefore, Applicant Dean Loren, Esq. requests Admission to the Bar of the State of New York;

Dated: New York, New York
March 31, 2014

Respectfully submitted,

Applicant-Petitioner Dean Loren
Mailing Address:
PO Box 1207F NY NY 10002
718 277 1367

File Note:
413 Grand Street, Apt. 1207 F
New York, New York 10002
212 460 0027

Sworn to before me,
This 31s day of March, 2014

Notary Public

YUKWAN L. LAM
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN NASSAU COUNTY
REG. NO. 01LA6188795
MY COMMISSION EXPIRES 06-16-2012

7 of 6

*Jon Newman*  *René Regge*  *Richard Straub*

## DAY CALENDAR for Monday, May 24, 2010.

**10:00 A.M.**   **Ceremonial Courtroom(9ᵗʰFl.)United States Courthouse**

| | | |
|---|---|---|
| 09-3994-cv | Tara Incantalupo, et al<br>v. Union Free School District # 15 | (10)<br>(10) |
| 09-2536-pr | Stacy Royster<br>v. Ada Perez | ( 8)<br>( 8) |
| 08-5871-cv | Dean Loren, et al<br>v. City of New York, et al | ( 5)<br>( 5) |
| 09-3280-cv | Barbara Thompson<br>v. Elaine L. Chao | ( 5)<br>( 5) |
| 09-2839-cr | United States of America<br>v. Tito Melvin | ( 8)<br>( 8) |
| 09-4393-cv | Alfred Mancuso<br>v. Charles J. Hynes | ( 5)<br>On Submission |
| 08-3244-cr | United States of America<br>v. Gary Moulton | On Submission<br>On Submission |

Armando Gonzalez - Courtroom Deputy

Hearing Officer's Statement of Agreement and Order

Case No. 39324

NAMES AND TITLES OF PERSONS WHO APPEARED MAY 2, 2000

No Appearances

NAMES AND TITLES OF PERSONS WHO APPEARED MAY 17, 2000

Denise Butler — Mother
Solomon Bryant — Student

---



**Board of Education of the City of New York**
Impartial Hearing Office
131 Livingston Street - Room 201
Brooklyn, New York 11201

Telephone: (718) 935-3280
FAX: (718) 935-2528

## STATEMENT OF AGREEMENT AND ORDER

Case Number:    39324

Student's Name:    Solomon Bryant

Date of Birth:    March 28, 1979

District:    Manhattan High Schools

Hearing Requested By:    Parent

Date of Hearing:    May 2, 2000
   May 17, 2000

Hearing Officer:    Esther Mora, Esq.

Lilian Wong    *Interim Chief Administrator*
Katherine Wysockowski    *Assistant Administrator*

The matter of Solomon B. came before me on May 2nd and May 17, 2000, pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. §1415(f)(1). The parent's request for a hearing was received on March 23, 2000. The parent requested the hearing to determine whether the student is eligible for compensatory services. At the hearing the parties reached an agreement that was entered into the record and is set forth below. Appended to the record are lists of persons in attendance.

## STATEMENT OF AGREEMENT

1. This matter is remanded to the Committee on Special Education (CSE) for Manhattan High Schools.

2. The parent and the student are to meet with Pamela David, chairperson of the CSE for Manhattan High Schools, on Friday, May 26, 2000, at 9:30 a.m. at the CSE office located at 122 Amsterdam Avenue, between 65th and 66th streets, in Manhattan, New York. The CSE for Manhattan High Schools is to schedule evaluations, if appropriate, and is to consider the parent's request for compensatory services.

3. The parent retains the right to request a reconvening of this hearing.

4. I will retain jurisdiction over this matter for the remainder of the 1999-2000 school year.

## ORDER

The agreement of the parties is hereby ordered.

Dated: May 19, 2000

_Esther Mora_
ESTHER MORA, ESQ.
Impartial Hearing Officer

EM:ja

**PLEASE SEE FOLLOWING PAGE FOR APPEAL NOTICE**

## PLEASE TAKE NOTICE

Within 30 days of the receipt of this decision, the parent and/or Board of Education has a right to appeal the decision to the State Review Officer of the New York State Education Department under Section 4404 of the Education Law and the Individuals with Disabilities Education Act. Failure to file the notice of intention to seek review is a waiver of the right to appeal this decision.

Directions and forms for filing an appeal are included with this decision.

Form OMH 11 (9-87)

State of New York,
OFFICE OF MENTAL HEALTH

# CONSENT FOR RELEASE OF INFORMATION

Patient's Name (Last, First, M.I.) : Bryant Solomon

Patient's No. : 3039

See Reverse Side for Instructions

## Part I — Consent To Release Information

**Extent or Nature of Information to be Disclosed**

Results of impartial hearing

**Purpose or Need for Information**

Treatment Planning

**From: Name, Address and Title of Person/Organization/Facility/Program Disclosing Information**

Pamela David
122 Amsterdam Ave Ext 3610
New York, NY 10011-3600
(212) 925-2000

**To: Name, Address and Title of Person/Organization/Facility/Program to Which Disclosure Is to be Made**

Frederica Brown
PO Box 2004
Teaneck, NJ 07666

A. I Hereby Authorize the One-time Release of Any Above Information to the Person/Organization/Facility/Program Identified Above. I Understand that the Information to be Released is Confidential and Protected from Disclosure. I also Understand that I Have the Right to Cancel My Permission to Release Information at any Time.

My Consent to Release Information Will Expire When Acted Upon, or 90 Days From this Date, Whichever Occurs First.

Signature of Patient/Person Acting for Patient | Relationship to Patient | Date Signed | Title | Signature of Witness

B. I Hereby Authorize the Periodic Release of the Above Information to the Person/Organization/Facility/Program Identified Above as Often as Necessary to Plan For/Provide Care and Treatment. I Understand that the Information to be Released is Confidential and Protected from Disclosure. I also Understand that I Have the Right to Cancel My Permission to Release Information At Any Time.

My Consent to Release Information to the Person/Organization/Facility/Program Identified Above, Will Expire When I am no Longer Receiving Services from such Person/Organization/Facility/Program, or One Year from this Date, Whichever Occurs First.

Signature of Patient/Person Acting for Patient | Relationship to Patient | Date Signed | Title | Signature of Witness

X [signature] Bryant | Self | 9/3/00

**Record of Information Released**

Signature of Staff Person Releasing Information | Relationship to Patient | Date Released | Title | Date Released

---

## Part II — Cancellation/Refusal To Release Information

☐ I Hereby Cancel My Permission to Release Information Indicated in Part I, to the Person/Organization/Facility/Program whose Name and Address is:

☐ I Hereby Refuse to Authorize the Release of Information Indicated in Part I, to the Person/Organization/Facility/Program whose Name and Address is:

Signature of Patient/Person Acting for Patient | Relationship/Date Signed | Signature of Witness | Title | Date Signed

Mag 9/18/00

(Use this space if additional room is needed to complete any of the items on the reverse side)

**INSTRUCTIONS**

1. Patient Signs A., if the Release of Information is for a Single Event.
2. Patient Signs B., if Information is to be Released Periodically during an episode of treatment.
3. If the patient is under 18 years of age, only the responsible parent, relative or guardian must sign.
   Exception: If patient is a Voluntary Admission on own application, at least 16 years of age but under 18 years of age, only the patient must sign.

*Medicaid Printout - Showing Deletions*

## LR 101 CDR

Run Date: 08/23/2012

Recipient Id: ZE36230N    Recipient Name: .OMON BRYANT    DOB: 28-MAR-79

Service Period - From: 01-JAN-00    To: 30-JUN-07

| Provider ID | COS | Provider Name | Prim DX | Sec DX | Proc DX | Amt Paid | Serv Dt From | Serv DT To | Rate Code | Acc Ind Code | Bill Cycle Date |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 00243509 | 0287 | MOUNT SINAI HOSPITAL | 41511 | - | - | $70.06 | 02/25/2000 | | 2870 | - | 03/13/2000 |
| 00243509 | 0287 | | 41511 | - | 000000 | $2.31 | 02/25/2000 | | 2870 | - | 09/10/2003 |
| 00243509 | 0287 | | 41511 | - | 000000 | -$0.01 | 02/25/2000 | | 2870 | - | 09/11/2002 |
| 00243509 | 0287 | | 41511 | - | 000000 | $1.94 | 02/25/2000 | | 2870 | - | 03/07/2001 |
| 00243509 | 0287 | | 3152 | - | 000000 | -$0.01 | 03/08/2000 | | 2870 | - | 09/11/2002 |
| 00243509 | 0287 | | 3152 | - | 000000 | $2.31 | 03/08/2000 | | 2870 | - | 09/10/2003 |
| 00243509 | 0287 | | 3152 | - | 000000 | $1.94 | 03/08/2000 | | 2870 | - | 03/07/2001 |
| 00243509 | 0287 | MOUNT SINAI HOSPITAL | 3152 | - | - | $70.06 | 03/08/2000 | | 2870 | - | 04/24/2000 |
| 00243458 | 0288 | MANHATTAN EYE EAR THROAT HSP | - | - | 105 | $52.03 | 05/02/2000 | | - | - | 05/15/2000 |
| 00243458 | 0288 | MANHATTAN EYE EAR THROAT HSP | - | - | 701 | $48.03 | 05/02/2000 | | - | - | 05/15/2000 |
| 01802991 | 0441 | DUANE READE #177 | - | - | 305 | $23.08 | 05/09/2000 | | - | - | 05/15/2000 |
| 00243458 | 0287 | | 37230 | - | 000000 | -$2.99 | 05/08/2000 | | 2870 | - | 03/07/2001 |
| 00243458 | 0287 | MANHATTAN EYE EAR THROAT HSP | 37230 | - | - | $81.91 | 05/08/2000 | | 2870 | - | 07/10/2000 |
| 01803025 | 0441 | DUANE READE #173 | - | - | 510 | $19.46 | 05/11/2000 | | - | - | 05/22/2000 |
| 01079565 | 0441 | DUANE READE | - | - | 805 | $16.53 | 05/12/2000 | | - | - | 05/22/2000 |
| 01803025 | 0441 | DUANE READE #173 | - | - | 010 | $73.69 | 05/18/2000 | | - | - | 05/30/2000 |
| 00354967 | 0287 | ST LUKES ROOSEVELT HSP CTR | 7862 | - | - | $68.17 | 06/20/2000 | | 2870 | - | 07/03/2000 |
| 00354967 | 0287 | | 7862 | - | 000000 | $14.70 | 06/20/2000 | | 2870 | - | 03/07/2001 |
| 00719044 | 0441 | LERIN DRUG CO INC | - | - | 278 | $5.74 | 06/20/2000 | | - | - | 07/03/2000 |
| 01809801 | 0401 | TAG OPTICAL | - | - | 000000 | $10.00 | 07/27/2000 | | - | - | 10/10/2000 |
| 01809801 | 0401 | TAG OPTICAL | - | - | 000000 | $10.00 | 07/27/2000 | | - | - | 10/10/2000 |
| 01809801 | 0401 | TAG OPTICAL | - | - | 000000 | $6.00 | 07/27/2000 | | - | - | 10/10/2000 |
| 01777884 | 0602 | HOPE AMBULETTE INC | - | - | 000000 | $11.50 | 08/24/2000 | | - | - | 10/02/2000 |
| 01036346 | 0580 | BROWN FREDERICA GAIL PHD | 3004 | V6289 | - | $36.00 | 09/13/2000 | | - | - | 10/30/2000 |
| 01036346 | 0580 | BROWN FREDERICA GAIL PHD | 3004 | V6289 | - | $36.00 | 09/18/2000 | | - | - | 10/30/2000 |
| 00159444 | 0460 | RINZLER CARL MD | 30015 | - | - | $45.00 | 09/19/2000 | | - | - | 11/06/2000 |
| 01777884 | 0602 | HOPE AMBULETTE INC | - | - | 000000 | $23.00 | 09/19/2000 | | - | - | 10/30/2000 |
| 01777884 | 0602 | HOPE AMBULETTE INC | - | - | 000000 | $23.00 | 09/19/2000 | | - | - | 10/30/2000 |
| 00159444 | 0460 | RINZLER CARL MD | 30015 | - | - | $45.00 | 09/22/2000 | | - | - | 11/06/2000 |
| 00243458 | 0287 | MANHATTAN EYE EAR THROAT HSP | 37230 | - | - | $78.02 | 09/28/2000 | | 2870 | - | 05/29/2001 |
| 02001361 | 0441 | CVS SECOND AVENUE NY LLC | - | - | 650 | $45.04 | 09/26/2000 | | - | - | 10/10/2000 |
| 01077013 | 0441 | DUANE READE #238 | - | - | 101 | $4.48 | 09/26/2000 | | - | - | 10/10/2000 |
| 01036346 | 0580 | BROWN FREDERICA GAIL PHD | 3004 | V6289 | - | $36.00 | 09/29/2000 | | - | - | 10/30/2000 |
| 01255063 | 0602 | WINDSOR LEASING CORP | - | - | - | $23.00 | 12/01/2000 | | - | - | 03/12/2001 |
| 00243509 | 0287 | | V708 | - | 000000 | -$0.01 | 12/07/2000 | | 2870 | - | 09/04/2002 |
| 00243509 | 0287 | MOUNT SINAI HOSPITAL | V708 | - | - | $70.06 | 12/07/2000 | | 2870 | - | 01/02/2001 |
| 00243509 | 0287 | | V708 | - | 000000 | $1.94 | 12/07/2000 | | 2870 | - | 03/07/2001 |
| 00243509 | 0287 | | V708 | - | 000000 | $2.31 | 12/07/2000 | | 2870 | - | 09/10/2003 |
| 01516307 | 0441 | DUANE READE | - | - | 105 | $55.64 | 12/21/2000 | | - | - | 01/02/2001 |

*Medicaid Printout - Showing Deletions*

## LR 101 CDR

Run Date: 08/23/2012

Recipient Id: ZE36230N    Recipient Name: .OMON BRYANT    DOB: 28-MAR-79

Service Period - From: 01-JAN-00    To: 30-JUN-07

| Provider ID | COS | Provider Name | Prim DX | Sec DX | Proc DX | Amt Paid | Serv Dt From | Serv DT To | Rate Code | Acc Ind Code | Bill Cycle Date |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 00243509 | 0287 | MOUNT SINAI HOSPITAL | 41511 | - | - | $70.06 | 02/25/2000 | | 2870 | - | 03/13/2000 |
| 00243509 | 0287 | | 41511 | - | 000000 | $2.31 | 02/25/2000 | | 2870 | - | 09/10/2003 |
| 00243509 | 0287 | | 41511 | - | 000000 | -$0.01 | 02/25/2000 | | 2870 | - | 09/11/2002 |
| 00243509 | 0287 | | 41511 | - | 000000 | $1.94 | 02/25/2000 | | 2870 | - | 03/07/2001 |
| 00243509 | 0287 | | 3152 | - | 000000 | -$0.01 | 03/08/2000 | | 2870 | - | 09/11/2002 |
| 00243509 | 0287 | | 3152 | - | 000000 | $2.31 | 03/08/2000 | | 2870 | - | 09/10/2003 |
| 00243509 | 0287 | | 3152 | - | 000000 | $1.94 | 03/08/2000 | | 2870 | - | 03/07/2001 |
| 00243509 | 0287 | MOUNT SINAI HOSPITAL | 3152 | - | - | $70.06 | 03/08/2000 | | 2870 | - | 04/24/2000 |
| 00243458 | 0288 | MANHATTAN EYE EAR THROAT HSP | - | - | 105 | $52.03 | 05/02/2000 | | - | - | 05/15/2000 |
| 00243458 | 0288 | MANHATTAN EYE EAR THROAT HSP | - | - | 701 | $48.03 | 05/02/2000 | | - | - | 05/15/2000 |
| 01802991 | 0441 | DUANE READE #177 | - | - | 305 | $23.08 | 05/09/2000 | | - | - | 05/15/2000 |
| 00243458 | 0287 | | 37230 | - | 000000 | -$2.99 | 05/08/2000 | | 2870 | - | 03/07/2001 |
| 00243458 | 0287 | MANHATTAN EYE EAR THROAT HSP | 37230 | - | - | $81.91 | 05/08/2000 | | 2870 | - | 07/10/2000 |
| 01803025 | 0441 | DUANE READE #173 | - | - | 510 | $19.46 | 05/11/2000 | | - | - | 05/22/2000 |
| 01079565 | 0441 | DUANE READE | - | - | 805 | $16.53 | 05/12/2000 | | - | - | 05/22/2000 |
| 01803025 | 0441 | DUANE READE #173 | - | - | 010 | $73.69 | 05/18/2000 | | - | - | 05/30/2000 |
| 00354967 | 0287 | ST LUKES ROOSEVELT HSP CTR | 7862 | - | - | $68.17 | 06/20/2000 | | 2870 | - | 07/03/2000 |
| 00354967 | 0287 | | 7862 | - | 000000 | $14.70 | 06/20/2000 | | 2870 | - | 03/07/2001 |
| 00719044 | 0441 | LERIN DRUG CO INC | - | - | 278 | $5.74 | 06/20/2000 | | - | - | 07/03/2000 |
| 01809801 | 0401 | TAG OPTICAL | - | - | 000000 | $10.00 | 07/27/2000 | | - | - | 10/10/2000 |
| 01809801 | 0401 | TAG OPTICAL | - | - | 000000 | $10.00 | 07/27/2000 | | - | - | 10/10/2000 |
| 01809801 | 0401 | TAG OPTICAL | - | - | 000000 | $6.00 | 07/27/2000 | | - | - | 10/10/2000 |
| 01777884 | 0602 | HOPE AMBULETTE INC | - | - | 000000 | $11.50 | 08/24/2000 | | - | - | 10/02/2000 |
| 01036346 | 0580 | BROWN FREDERICA GAIL PHD | 3004 | V6289 | - | $36.00 | 09/13/2000 | | - | - | 10/30/2000 |
| 01036346 | 0580 | BROWN FREDERICA GAIL PHD | 3004 | V6289 | - | $36.00 | 09/18/2000 | | - | - | 10/30/2000 |
| 00159444 | 0460 | RINZLER CARL MD | 30015 | - | - | $45.00 | 09/19/2000 | | - | - | 11/06/2000 |
| 01777884 | 0602 | HOPE AMBULETTE INC | - | - | 000000 | $23.00 | 09/19/2000 | | - | - | 10/30/2000 |
| 01777884 | 0602 | HOPE AMBULETTE INC | - | - | 000000 | $23.00 | 09/19/2000 | | - | - | 10/30/2000 |
| 00159444 | 0460 | RINZLER CARL MD | 30015 | - | - | $45.00 | 09/22/2000 | | - | - | 11/06/2000 |
| 00243458 | 0287 | MANHATTAN EYE EAR THROAT HSP | 37230 | - | - | $78.02 | 09/28/2000 | | 2870 | - | 05/29/2001 |
| 02001361 | 0441 | CVS SECOND AVENUE NY LLC | - | - | 650 | $45.04 | 09/26/2000 | | - | - | 10/10/2000 |
| 01077013 | 0441 | DUANE READE #238 | - | - | 101 | $4.48 | 09/26/2000 | | - | - | 10/10/2000 |
| 01036346 | 0580 | BROWN FREDERICA GAIL PHD | 3004 | V6289 | - | $36.00 | 09/29/2000 | | - | - | 10/30/2000 |
| 01255063 | 0602 | WINDSOR LEASING CORP | - | - | - | $23.00 | 12/01/2000 | | - | - | 03/12/2001 |
| 00243509 | 0287 | | V708 | - | 000000 | -$0.01 | 12/07/2000 | | 2870 | - | 09/04/2002 |
| 00243509 | 0287 | MOUNT SINAI HOSPITAL | V708 | - | - | $70.06 | 12/07/2000 | | 2870 | - | 01/02/2001 |
| 00243509 | 0287 | | V708 | - | 000000 | $1.94 | 12/07/2000 | | 2870 | - | 03/07/2001 |
| 00243509 | 0287 | | V708 | - | 000000 | $2.31 | 12/07/2000 | | 2870 | - | 09/10/2003 |
| 01516307 | 0441 | DUANE READE | - | - | 105 | $55.64 | 12/21/2000 | | - | - | 01/02/2001 |

11/01

Board of Education of the City of New York
Impartial Hearing Office
110 Livingston Street -- Room 118
Brooklyn, New York 11201

Telephone: (718) 935-3280
FAX: (718) 935-2528

December 8, 1999

RE: Watasha Stevens

Case #: 38258

Hearing Date: December 1, 1999

SANDRA STEVENS
P.O. BOX 1442
NEW YORK, NY 10159

Enclosed please find the transcript for the above referenced case.

Please contact Suzanne Phillips if you have any questions.

Very truly yours,

*Julia Weiss*

Julia Weiss
Chief Administrator

cc: Linda S Agaston, Esq., Impartial Hearing Officer

Julia Weiss
Lillian Wong

Chief Administrator
Deputy Administrator

---

400 East 54 Street, New York, NY 10022-5175; 212 - 838 - 6427
FOR: ROBERT BRIGLIO, ESQ; HEARING OFFICER
LINDA AGOSTON, ESQ; HEARING OFFICER

Julia Weiss, Chief Administrator
Board of Education City of New York
Impartial Hearing Office
110 Livingston Street -- Room 118
Brooklyn, New York 11201

RE: Watasha Stevens
Case #: 38258
Hearing Date: 2/9/00
Request to ADJOURN

Dear Chief Administrator Weiss:

I am Mrs Evelyn Goldberg. On December 1, 1999 I came to the Board of Education for a Fair Hearing on behalf of Mrs Sandra Stevens as a Community Advocate and on behalf of Watasha Stevens ready to distribute to. I had copies of what I planned as testimony ready to distribute to. I had copies of what I planned as testimony Officer refused to take my typed testimony.

As Hearing Officer, Linda S. Agoston, Esq., kept most of the "Hearing" Off Tape. I, like so many of the Board of Education did not have the "necessary papers" pertaining to Watasha's Administrative Complaints the papers have been lost, cannot be found and/or or HAVE BEEN BURNED.

The Hearing was adjourned to January 12, 2000 at 9:10 a.m. Mrs Stevens became unwell and obtained consent from the Board of Ed to adjourn the January Meeting to February 9, 2000 at 9:30. Remarkably, Hearing Officer Agoston convened a "Hearing" and "ended" the Hearing no one was present. The transcript of the December 1, 1999 Hearing Officer Agoston finally noted 9:30 a.m. the intended time. But, that Hearing had been adjourned in a timely manner, to Feb 9th, (Hearing Officer Agoston's) phony "Hearing," and she slated her transcript as starting at 3:15 p.m. on January 12, 2000.)

Not only am I a Community advocate but, also, I have a track-record over the past NINE Years as a Volunteer in the Family Courts in many capacities, including that of Court Monitor in each of the various courts -- to report on judicial proceedings.

I believe Hearing Officer Agoston's administrative Conduct is Neither Fair Nor Impartial. Moreover, by her testimony with regard to the Fake "Hearing" on January 12/00 at 3:15 p.m. she has Impeached her own Credibility.

Please be advised, on Oct 30/97 by Order of Robert Briglio, Esq., I was given TWO YEARS to request an Impartial Hearing within the years, which I did in a TIMELY MANNER, and that he would retain Briglio's is IN HERBY OF ANYTHING! Accordingly I recommend that Mr. Briglio is permitted to retain jurisdiction AS HE PROMISED so that he can address all issues arising that whatsoever substantive rights of Mrs Stevens and her daughter he appear to me that the NYC Board of Ed is perpetrating very serious violations of DUE PROCESS in this entire matter.

Mrs. Briglio's Findings of Fact and Decision were based on all of the relevant facts and the law, as Agoston's Hearing Officer transcript is IN HERBY OF ANYTHING!

Respectfully,

(Mrs) Evelyn Goldberg

cc: Linda S. Agoston, Esq.
(____) Hearing Officer

Sworn to before me on February ___ 1, 2000

*[signature]*
NOTARY PUBLIC

BOARD OF EDUCATION
of the
CITY OF NEW YORK

------------------------

In the Matter of:

WATASHA STEVENS

------------------------

Case No. 38258

Board of Education
110 Livingston Street
Room 237A
Brooklyn, New York

Wednesday
December 1, 1999

11:05 a.m.   The above-entitled matter came on for hearing at

BEFORE:   LINDA AGOSTON,
          Impartial Hearing Officer

A P P E A R A N C E S:

For the Student:

Watasha Stevens, Student
PO BOX 1442
New York, NY 10159

Richard K. Miller, Home Instruction Teacher
Office of Home Instruction Schools

Sandra Stevens, Parent
PO BOX 1442
New York, NY 10159

Evelyn Goldberg, Advocate
400 East 54th Street
New York, NY 10022-5125

---

For the Board of Education:

Pamela David, Chairperson
Manhattan High School CSE
122 Amsterdam Avenue
New York, NY 10023

PROCEEDINGS

HEARING OFFICER AGOSTON: Okay, ladies and gentlemen, my name is Linda Agoston. I have been designated by the Impartial Hearing Office to hear the matter of Natasha Stevens.

I would like to inform the parties that I am not an employee of the Board of Education. I have no personal or professional interest which would conflict with my impartiality in this matter. A copy of my resume is available in the Impartial Hearing Office.

This hearing is being held pursuant to the Individuals With Disabilities Education Act, 20 United States Code, Section 1415(f)(1). Today's date is December 1st, 1999, and the time is now 11:05. I would like the parties to please state their names for the record. I'm going to start with the Representative of the Board of Education.

MS. DAVID: Pamela David, Chairperson, Manhattan High School CSE.

MR. MILLER: Richard Miller, Home Instruction Teacher, Board of Education.

MS. GONZALEZ: Ms. Evelyn Goldberg, advocate for Mrs. Sandra Stevens and parent advocate for Natasha Stevens.

MISS STEVENS: Natasha Stevens, student.

MRS. STEVENS: Sandra Stevens, parent.

HEARING OFFICER AGOSTON: Okay, off tape we had a fairly extensive discussion. What's at issue here is six months of compensatory education that the mother says that Natasha is entitled to but we have no documentation that confirm that. We have a prior decision from an Impartial hearing officer which states that the services will end two years after the date of the decision and that time has elapsed. There is testimony from the mother that CSS District 3 had granted a six month extension from that hearing officer's decision, but due to a fire in District 3 and other reasons, we don't have that documentation with us available from District 3. Representative of the Board has stated that she will attempt to see if that information is available in Natasha's master folder and the mother has also stated that she is going to bring invoices from the related service providers who have been paid or who have not been paid. So we picked an adjournment date of January 12th, 2000 at 9:30. We're extending the 45-days ma'am and you want me to retain jurisdiction?

MRS. STEVENS: Yes.

HEARING OFFICER AGOSTON: Okay. Does anyone else want to add anything else? No, then that concludes the hearing.

(Whereupon, at 11:07 a.m. the proceeding was

6. Concerning Chad Vignola's communications on July 31, 2000, with Robin Greenfield, Staff Attorney to the New York City Board of Education Legal Department (12/21/01 11:22:15 PM to 1:23:07 PM):

Q. Are you aware of Vicki Bernstein called anybody else in your department?
A. I, I.
Q. Ms. Bernstein. On that day?
A. On that day. Yes.
A. I don't believe she did. She just called me. I don't know. I wouldn't know if she called anyone else from her office.
Q. And you stated earlier that you sent an email to Robin Greenfield?
A. Right.
Q. And did she also respond to you?
A. She did.
Q. How did she respond?
A. She responded by email. I believe there was more than one small response. She actually initially responded, and she did send me additional research, and responded at least one or two times maybe even three by email to me.
Q. Do you remember when she responded?
A. The next day or within the next 2 days.

7. In addition, sworn statements concerning Chad Vignola's communications on July 31, 2000, to Robin Greenfield, Esq., concerning Vicki Bernstein's July 31, 2000 statements about Martin Luther King Jr. Day (3/26/03 01:12:50:00 PM to 1:30:20 PM):

A. This is the email I referred to earlier in my deposition to the email asking her if she's familiar with the name Dean Loren.
Q. And I'd like the record to reflect its dates stamped 0171 and produced by the Board of Education. I'm going to ask you to look at the email one more time Mr. Vignola. Who sent the email?
A. I did.
Q. What time and date?
A. Monday, July 31 2000, 4:42 PM from me, Chad Vignola to Robin Greenfield.
Q. And what does the email read?
A. "do you know the same dean loren? associated with martin luther king h.s. high school.
Q. And who typed 'do you know the name of dean loren'
A. I did. I always use lower case. I don't capitalize the time for upper case the beginning of a sentence as I suppose I didn't get high school in caps.
Q. And who responded?
A. And Robin responded in the next day or two. As I said at least once or maybe more than once. There were two or three responses,
Q. So this response, was not sent July 31, at 4:42?
A. No. I emailed Robin at July 31, 4:42, and she responded I believe the next day or two days I don't remember exactly when.
Q. Can you explain why the email says from you to Robin Greenfield but it says her response to it?
    Ms. Benedict: Objection.

Ass'n. of America, 389 F.2d 412, 414 (2d Cir. 1967). "Reversal of a judgment because of an improper order denying or curtailing discovery is 'unusual.'" B.F. Goodrich v. Betkoski, 99 F.3d 505, 523 (2d Cir. 1996) (citation omitted).

The District Court did not abuse its discretion here.

Plaintiff appears to be principally concerned with the non-production of an e-mail written to Chad Vignola at 4:59 pm on July 31, 2000 and a memo from Chad Vignola to Karla Oakley, dated February 16, 2001. Plaintiff first raised the question of the e-mail in a letter to the Court, dated May 28, 2002. Plaintiff's contentions regarding the memo to Karla Oakley and the remaining items identified in Appellant's Brief at 5-6 were raised in letters, dated July 10, July 18, and July 23, 2002 (JA 385-386, JA 600-601, JA 604), and in a motion, dated July 3, 2002 (JA 231-237). The Board defendants responded to the latter set of letters, by letter dated July 25, 2002 (JA 608-609).

In his letter, dated May 28, 2002, plaintiff only asked for the date and time of attorney e-mails, which, he noted, the parties agreed was not privileged (JA 210). The Court granted this application in an order, dated May 29, 2002 (JA 204-206). In that order, the Court specifically noted that it was "not requiring that defendants produce the substance of any privileged e-mails" (JA 206).

Plaintiff did not challenge the assertion of privilege with respect to that e-mail,[7] or raise his demands for the

7 There appears to be some dispute regarding when the privilege with regard to the e-mail first asserted. (JA 611-614).

28

Exh. 4

# Supreme Court of the United States

## APPLICATION FOR ADMISSION TO PRACTICE
### (Please do not submit attachments unless instructed to do so)

Name **Dean Loren**
(Type or print name as you want shown on your Certificate.)

Firm **Dean Loren**

Street **PO Box 34**

City & State **New York, New York**     Zip Code **10002**

Office phone **( 718 ) 277 1367**

☐ Check this box if you want the alternate Certificate described in the instructions.

E-mail address **deanloren@gmail.com**

1. **Indicate city and state you want shown on your Certificate:** **New York, New York**

2. Date of birth **December 1, 1958**     3. Social Security No. _____

4. Place of birth **Washington DC**

5. Residence address **413 Grand Street, Apt. 1207F, NY, NY 10002**

6. Names of parents: (a) Mother's full maiden name **Anna Lucille Baber**
   (b) Father's name **James Xavier Velasco**

7. State court(s) of last resort to which you are admitted to practice, and date(s) of admission. _____
   **Waiting on Admission - New York Stat Court**

8. Are you engaged in the practice of the law? **No** State the nature of your practice, whether by self, in partnership, or associated with or employed by others, giving the name of the firm or employer. **None**

9. List firms or other entities with which you have been formerly associated, or by which you have been employed, as a lawyer.
   **None**

10. Undergraduate and legal education and <u>when</u> and <u>where</u> degrees received. _____
    **Univ. of MD.; Fordham University of Law 1993 New York, New York**

11. Have you ever changed your name or been known by any name or surname other than those appearing on this application? **Yes** If so, state and give details. **Dean Loren Velasco**

12. (a) Have you ever been disciplined, disbarred, sanctioned, or suspended from practice before any court, department, bureau, or commission of the United States, or of any State, Commonwealth, Territory, Possession, or the District of Columbia, or have you received any public or private reprimands from any such entity pertaining to your conduct as a member of the bar? **No**

    (b) Are there any disciplinary proceedings presently pending against you? **No**

    (c) Have you been denied admission to the bar of this Court or the bar of any entity described in (a) above? **Yes**
    **First Department Appellate Div. NY for Speaking Out Against Rapes at Martin Luther King. Jr. High**

    (d) Have you ever been convicted of a crime? (other than a minor traffic violation) **No**

    (e) If you answered "yes" to any of the questions in this paragraph you must provide a detailed explanation on a separate sheet and attach any relevant documentation concerning your answer. *SEE ATTACHED APPELLATE MOTION + SDNY 60 B MOTION + JUDGE MUKASEY IN FORMA PAUPERIS GRANT TO WAIVE FEES.*

**COMPLETE CERTIFICATION ON REVERSE**

## CERTIFICATION

I certify that I have read the foregoing questions and have answered them fully and frankly. The answers are complete and are true to my own knowledge.

Dated this __31st day__ of

__March__ , 20 __14__ .

_____
(Applicant's Signature)

## STATEMENT OF SPONSORS
(Full name, including middle initial)

We, __Constantine N. Katsoris__ _____ and

__Michael J.K. Schiumo__ _____ , being members of the Bar of the Supreme Court of the United States and not related to the applicant, state that the applicant is personally known to us, that the applicant possesses all the qualifications required for admission to the Bar of the Supreme Court of the United States, and that we have examined the applicant's personal statement and believe it to be correct, and we affirm that the applicant's moral and professional character and standing are good.

(Signature) _____     (Signature) _____

(Office address) __Fordham University School of Law__     (Office address) __Fordham University School of Law__

__140 West 62nd Street, New York, NY 10023__     __140 West 62nd Street, New York, NY 10023__

## OATH OF ADMISSION

I, __Dean Loren__ _____ , do solemnly swear (or affirm) that as an attorney and as a counselor of this Court I will conduct myself uprightly and according to law, and that I will support the Constitution of the United States.

_____
(Applicant's Signature)

Dated this __31st day__ of

__March__ , 20 __14__ .

---

## COMPLETE THE FOLLOWING ONLY IF ADMISSION IS ON WRITTEN MOTION (NOT IN OPEN COURT)

## MOTION FOR ADMISSION

(Movant's name is to be entered below as it appears on movant's Certificate of Admission to this Court.)

I, _____ , a member of the Bar of the Supreme
(Type or Print) __Dean Loren__

Court of the United States, hereby move the admission of __Dean Loren__ to the Bar of the Supreme Court of the United States. I am satisfied the applicant possesses the necessary qualifications.

_____
(Movant's Signature)

Dated this _____ of

_____ , 20 _____ .

CLER-0079-5-07

APPELLATE DIVISION FIRST DEPARTMENT
SUPREME COURT OF THE STATE OF NEW YORK
------------------------------------------------------------X
In the Matter of Application for Admission to the Bar of

Dean Loren, Applicant

For Admission to the Bar of the State of New York.
------------------------------------------------------------X

Motion No. _____ / ____
Affidavit In Support
Motion Dated
March 7, 2014
For Informa Pauperis Relief

DEAN LOREN, sworn, deposes and says and respectfully states as follows:

Request is made for informa pauperis relief for Admission to the Bar of the State of New

York. Applicant continues his informa pauperis status and there have been no changes in his

financial status. See Exhibit 1

Wherefore, Applicant Dean Loren, Esq. requests informa pauperis relief;

Dated: New York, New York
March 7, 2014

Respectfully submitted,

Applicant-Petitioner Dean Loren
413 Grand Street, Apt. 1207 F
New York, New York 10002
212 460 0027

Sworn to before me,
This ⎽7 th day of March, 2014

Notary Public

LUZ M BLANCO
Notary Public - State of New York
NO. 01BL6238037
Qualified in Richmond County
My Commission Expires 3/28/1

*EXHIBIT 1 — LOREN MOTION TO BAR L8 IFP*

## DECLARATION IN SUPPORT OF REQUEST FOR LEAVE TO APPEAL IN FORMA PAUPERIS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DOC #78

*[stamp: U.S. DISTRICT COURT FILED JUN X 2 2003 S.D. OF N.Y.]*

Dean Loren
            Petitioner/Plaintiff

            00 CIV. 7687 (MBM)

            -against-

Harold O. Levy, et al.
            Respondent(s)/Defendant(s)

                                                X

I, _____ Dean Loren _____, am the plaintiff _____ in
the above entitled case. In support of my motion to proceed on
appeal without being required to prepay fees or costs or give
security therefor, I state that because of my poverty I am unable
to pay the costs of said proceeding or to give security therefor;
that I believe I am entitled to redress; and that the issues I
desire to present on appeal are the following:

I declare that responses which I have made below are true.

1. If you are presently employed, state the amount of your salary
   or wages per month, and give the name and address of you
   employer. YOU MUST ANSWER THIS QUESTION EVEN IF YOU ARE IN
   PRISON. Self Employed, $1,300 per month. Last employer was
   Leonard S. Elman, Esq., 370 Lexington Avenue, Suite 1900, NY, NY
   10017

2. If you are NOT PRESENTLY EMPLOYED, state the date of last
   employment AND amount of the salary per month which you
   received AND how long the employment lasted. YOU MUST ANSWER
   THIS QUESTION EVEN IF YOU ARE IN PRISON. IF YOU HAVE NEVER
   BEEN EMPLOYED, SAY SO.
   Presently self employed - See above.

MICROFILM JUN 2 7 2003 :31 PM

3. Have you received, within the past twelve months, any money from any of the following sources?

a. Business, profession, or form of self-employment?   Yes X No__
b. Rent payments, interest, or dividends?   Yes__ No X
c. Pensions, annuities, or life insurance payments?   Yes__ No x
d. Gifts or inheritances?   Yes__ No x
e. Any form of public assistance?   Yes__ No x
f. Any other sources?   Yes__ No x

If the answer to any of the questions in number three is yes, describe each source of money and state the amount received from each during the past twelve months.

Self Employed wages of $1,300 per month as listed in Question 1.

4. Do you own any cash or do you have money in a checking or savings account?

Yes x No___ (Include any funds in prison accounts)

If the answer is yes, state the total value owned.

$500

5. Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothes)?

Yes___ No x

If the answer is yes, describe the property and state its approximate value.

6. List the persons who are dependent upon you for support; state your relationship to those persons; and indicate how much you contribute toward their support at the present time.

None

7. If you live in a rented apartment or other rented housing, state how much you pay each month for rent. Do not include rent contributed by other people.

$400 .

8. State any special financial circumstances which the court should consider in this application.

I have AIDS and my current medical expenses run $250 per month.

Judge Mukasey granted my request to proceed in forma pauperis In this action on October 12, 2000. Order annexed.

I understand that a false statement or answer to any questions in this declaration will subject me to penalties for perjury.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this ____2nd____ day of ____June____, 19__2003__.

_____
(Signature)

LET THE APPLICANT PROCEED ON APPEAL WITHOUT PREPAYMENT OF COSTS OR FEES OR THE NECESSITY OF GIVING SECURITY THEREFOR.

_____  6/18/03
                    District Judge

U.S. DISTRICT COURT
FILED
JUN 27 2003
S.D. OF N.Y.